IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 2 0 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JUAN PRIETO, § § § § § § § § § § § § § | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. B-07-037 |
| UNIVERSAL UNDERWRITERS OF TEXAS INSURANCE, ZURICH SERVICES CORPORATION-MCSC, and CARMEN E. ROARK, | |
| Defendants. | |

## OPINION & ORDER

BE IT REMEMBERED that on August 20, 2007, the Court **GRANTED** Plaintiff's Motion for Leave to Amend Complaint and Add Additional Necessary Party. Dkt. No. 13.

In the instant motion, Juan Prieto ("Plaintiff") requests leave of Court to amend his complaint to add Universal Underwriters Insurance Company ("Universal–Kansas") as a defendant to this action. Dkt. No. 13. Plaintiff originally filed suit against Universal Underwriters of Texas Insurance ("Universal – Texas"), Zurich Services Corporation-MCSC ("Zurich") and Carmen E. Roark ("Roark") in Texas district court, asserting causes of action for a breach of the common law duty of good faith and fair dealing and a breach of the Texas Insurance Code and/or the Texas Deceptive Trade Practices Act. Dkt. No. 1, Ex. 3 at 4–5. Specifically, Plaintiff alleged that Defendants "embarked upon a systematic course of action clearly intended to deny and delay [Plaintiff's] medical treatment without any reasonable justification" after he suffered a work-related injury during the scope of his employment with A&B Automotive Center, Inc. ("A&B"). *Id.* at 4; Dkt. No. 7, Ex. B at 4. Plaintiff's claims were based on information that led him to

1

believe that A&B had workers' compensation insurance coverage through Universal–Texas. Dkt. No. 7, Ex. B at 4. Thereafter, Defendants removed this action to this Court on the basis of diversity of citizenship. Dkt. No. 1, at 1–2. Defendants maintained that complete diversity of citizenship existed because Universal–Texas had been improperly joined as a party to this action because it was not the carrier who had issued A&B's insurance policy. *Id.* at 2–3. Instead, Defendants stated that Universal–Kansas, a Kansas corporation, was the insurance company that had issued the insurance policy in effect at the time of Plaintiffs injuries. *Id.* In response, Plaintiff did not contest that Universal–Kansas was the correct insurance carrier at issue, but Plaintiff did contest Defendants' claim that Universal – Texas had been improperly joined. Dkt. No. 8. Accordingly, Plaintiff filed a motion to remand the action to state court. *Id.* Upon consideration of evidence presented, the Court concluded that Universal–Kansas was the true insurance carrier at issue and that Universal–Texas was improperly joined as a party to this action. Dkt. No. 11, at 9, 11–12. Therefore, the Court determined that complete diversity of citizenship existed and denied Plaintiffs motion to remand. *Id.* at 12. Plaintiff now seeks to add Universal–Kansas as a necessary party to this matter and assert his original causes of action against the company. Dkt. No. 13. Plaintiff has provided his proposed First Amended Petition along with the instant motion. *Id.*, Att. 5.

Pursuant to Federal Rule of Civil Procedure 19(a)(1), a person "whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if in the person's absence complete relief cannot be accorded among those already parties." In the present case, Defendants previously represented to the Court that Universal – Kansas was the insurance carrier that issued A&B's insurance policy that was in effect at the time of Plaintiffs injuries. Dkt. Nos. 1, 10. Voluminous, undisputed evidence was presented in support of that claim, and the Court determined that the evidence presented established Defendants' position. Dkt. Nos. 1, 10, 11. In support of his request to add Universal–Kansas to this action, Plaintiff has resubmitted affidavits of Universal – Kansas custodians of records, which the Court considered when determining that Universal–Texas had been improperly joined to this case. Dkt. No. 13, Exs. A, B.

Based on the foregoing, the Court finds that Plaintiff cannot fully maintain his causes of action or obtain complete relief without adding Universal–Kansas as a party to this matter because Universal–Kansas is the correct insurance carrier at issue in this action. Furthermore, the Court determines that joinder of Universal–Kansas will not deprive the Court of subject matter jurisdiction in this case, which is based on diversity of citizenship. See Dkt. No. 13, Exs. A, B. Therefore, the Court concludes that joinder of Universal–Kansas to this action is proper. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint and Add Additional Necessary Party. Dkt. No. 13.

DONE at Brownsville, Texas, this ___ day of August, 2007.

Hilda G. Tagle
United States District Judge